STATE of Missouri, Plaintiff–Appellant,

v.

James M. COX, et al., Defendants,

and

James Berger, Intervenor–Respondent.

No. 56538.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
March 13, 1990.

Robert G. O'Blennis, Asst. Pros. Atty.,
Clayton, for plaintiff-appellant.

Coggan R. Mills, Clayton, for intervenor-respondent.

REINHARD, Judge.

The state appeals from a court order sustaining intervenor's motion to dismiss the state's petition for forfeiture of defendants' interests in a parcel of realty. We reverse and remand.

The state originally filed a petition seeking forfeiture of the interests of defendants James M. Cox and his wife, Patricia A. Cox, pursuant to § 513.607, RSMo 1986. They answered that the property was in probate and held by James Berger (intervenor, executor and trustee) who would convey an interest to Patricia and retain an interest for the benefit of a minor, J.C., until he reaches majority. They also demanded a jury trial and filed a motion to dismiss. Berger was served with process at the state's request.

Berger together with James and Patricia filed a motion to dismiss. The court heard the motion, sustained it and granted the state thirty days to amend. The state filed an amended petition adding J.C. as a defendant. Berger, as executor, filed another motion to dismiss. The court sustained that motion after a hearing.[1] The state appeals from that order.

The state's sole point on appeal is

The trial court erred when it sustained, pursuant to § 513.612, RSMo. 1986, intervenor's motion to dismiss in that plaintiff-appellant pleaded a statutory cause of action with sufficient particularity and

---

1. This ruling clearly is not an *ex parte* reasonable cause determination made pursuant to § 513.607.5(1), RSMo 1986.

facts to give defendants-respondents notice of the relief sought.

In a pre-seizure petition, the case here, the state must "state what property is sought to be forfeited, that the property is within the jurisdiction of the court, the grounds for forfeiture, and the names of all persons known to have or claim an interest in the property." § 513.607.5(1), RSMo 1986.

The amended petition follows:

Comes now the State and pursuant to Chapter 513.600 et seq., for its cause of action and to the use of the State of Missouri, states the following, to-wit:

1. The State of Missouri seeks to have forfeited all interests, both present and future, of the individually named defendants in the Real Property located at 860 Washington, Florissant, St. Louis County, Missouri.

2. Their interests in the property are sought to be forfeited on the following grounds:

a. The property was used by them in the course of criminal activity, to cultivate and store marijuana, in violation of Chapter 195, RSMo.

3. Such a forfeiture is authorized by § 513.600 et seq.

4. No other individuals, at this time, are known to have an interest in the Real Property located at 860 Washington, Florissant, St. Louis County, Missouri other than Mr. James Berger.

WHEREFORE, the State of Missouri prays that this Court order that the interests of the individually named parties in the Real Property be henceforth forfeited to the State of Missouri to be disposed of according to § 513.620, RSMo.

We believe the petition is sufficient. However, it is obvious from the briefs, oral arguments and legal file that the court considered matters extraneous to the pleadings in sustaining the motion to dismiss and, therefore, we treat the order as a ruling on a motion for summary judgment. Rule 55.27(b), *Wehmeier v. Triplett,* 741 S.W.2d 732, 733 n. 1 (Mo.App.1987).

■ When reviewing a summary judgment, we scrutinize the record in the light most favorable to the party against whom the judgment was entered and accord that party the benefit of every doubt. *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 26–27 (Mo. App.1978). We affirm the judgment only where it is made manifest by the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and that the party moving for summary judgment is entitled to summary judgment as a matter of law. Rule 74.04(c). If there is the slightest doubt about the facts, a genuine issue of fact exists for purposes of avoiding summary judgment. *Edwards,* 574 S.W.2d at 27.

■ It appears from probate records in the legal file that Anna M. Goold owned the property at her death. In her will she devised and bequeathed a one-half interest to Patricia and a one-half interest to Berger as trustee for J.C. and others.

■ Title to property passes to the beneficiaries of a will at the testator's death. § 473.260, RSMo 1986. Therefore both Patricia and J.C. have forfeitable ownership interests in the real estate. The fact that Berger has legal title to J.C.'s interest does not insulate J.C.'s interest from forfeiture.[2]

James has no ownership interest since Patricia's interest is her separate property, § 451.250, RSMo 1986 (property devised to spouse is separate property), and the common-law interests of a husband in his wife's property have been abolished by statute. § 474.110, RSMo 1986 (Curtesy), *Otto F. Stifel's Union Brewing Co. v. Saxy,* 273 Mo. 159, 201 S.W. 67 (1918) (Right to use and possession; construing predecessor of § 451.250, RSMo 1986).

Regardless of ownership interests, § 513.605(7), RSMo 1986, defines "interest in real property" to include "any lease ... upon such real property." James admitted holding an interest in the property as a

---

**2.** Sections 513.607.1 and 513.605(7), RSMo 1986, make "any estate or legal or equitable interest in land situated in [Missouri] or any interest in such real property" subject to forfeiture.

tenant in his answer. In addition, whether or not the property was used for criminal activity remains as a genuine issue of material fact.

The court erred in sustaining Berger's motion.

Judgment reversed and cause remanded.

GARY M. GAERTNER, P.J., and CRIST, J., concur.