# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3552

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Jerry Cochenour, | * | |
| | * | Appeal from the United States |
| Defendant/Appellant, | * | District Court for the |
| | * | Eastern District of Missouri. |
| Brenda Cochenour, | * | |
| | * | [PUBLISHED] |
| Claimant/Appellant, | * | |
| | * | |
| Reba E. Cochenour; Jodie Holt, | * | |
| | * | |
| Claimants. | * | |

_____

Submitted: March 16, 2006
Filed: March 22, 2006

_____

Before WOLLMAN and RILEY, Circuit Judges, and ROSENBAUM,[1] District
Judge.

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District
Judge for the District of Minnesota, sitting by designation.

PER CURIAM.

Brenda Cochenour appeals the district court's[2] final forfeiture order of her husband Jerry Cochenour's seized property. Jerry Cochenour pled guilty to drug-related offenses and stipulated to the forfeitability of the seized property. The district court rejected Brenda Cochenour's claim to the forfeited property under 21 U.S.C. § 853(n). We affirm.[3]

Brenda Cochenour argues the district court erred in finding she had no legal interest in the forfeited property because, under Missouri domestic relations law, although the forfeited property was held solely in Jerry Cochenour's name, it was marital property in which both Jerry and Brenda possess an interest as tenants by the entirety. We disagree. The Missouri statute relied upon by Brenda Cochenour specifically limits its applicability to dissolution of marriage. See Mo. Rev. Stat. § 452.330.2 (defining "marital property" "[f]or purposes of sections 452.300 to 452.415 only"); id. §§ 452.300-.415 (Uniform Marriage and Divorce Act). Divorce law does not govern a spouse's claimed interest in forfeited property. See United States v. Totaro, 345 F.3d 989, 997-98 (8th Cir. 2003) (summarizing cases). In Totaro, we distinguished cases in which courts held state divorce law could not form the basis for a spouse's claim to forfeited property. Id. We explained those cases did not apply in Totaro because under state law the spouse, Adrienne Totaro, held sole ownership of the forfeited property. Id. at 998. Here, that is not the case. Brenda Cochenour does not have sole ownership of the forfeited property; Jerry Cochenour does. Brenda Cochenour lacks the requisite ownership interest under Missouri law for her and Jerry

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[3]We review a third-party claim to forfeited property by examining the district court's findings of fact for clear error and its interpretation and application of law de novo. United States v. Totaro, 345 F.3d 989, 993 (8th Cir. 2003) (citing United States v. O'Dell, 247 F.3d 655, 679 (6th Cir. 2001)).

Cochenour to hold a tenancy by the entirety in the forfeited property. <u>See</u> <u>U.S. Fid. & Guar. Co. v. Hiles</u>, 670 S.W.2d 134, 137 (Mo. Ct. App. 1984) (listing elements required to create a tenancy by the entirety, in which the property "is deemed to be owned by a single entity, the marital community").

Brenda Cochenour's other claim, that the forfeiture constitutes an excessive fine in violation of the Eighth Amendment, also fails because she lacks a legal interest in the forfeited property and therefore lacks standing to challenge the forfeiture. Jerry Cochenour's claim, that the government has failed to return seized but non-forfeited property, is not properly before us, because the district court had not yet issued a final decision on Jerry Cochenour's motion to release property at the time the appeal was filed. <u>See</u> 28 U.S.C. § 1291.

Accordingly, the district court's forfeiture order is affirmed.

_____