# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1627

_____

United States of America,               *

                          *

        Plaintiff-Appellee,      *

                          *

    v.                   *

                          *  Appeal from the United States

Michael J. Timley,          *  District Court for the Western

                          *  District of Missouri.

        Defendant,         *

                          *

Patrick W. Peters,         *

                          *

        Claimant-Appellant.    *

_____

Submitted: September 25, 2007
Filed: November 15, 2007

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge

    This case comes before us a second time. It involves the forfeiture of $130,097 under 21 U.S.C. § 853. Specifically at issue is whether the district court[1] erred in

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

either denying Michael Timley's lawyer, Patrick W. Peters, an ancillary hearing, or ordering the $130,097 forfeited to the United States. We affirm in all respects.

## I. BACKGROUND

We recounted the underlying facts in great detail in our prior opinion, United States v. Timley, 443 F.3d. 615 (8th Cir. 2006) ("Timley I"), and decline to do so again. Briefly, as the facts relate to the disposition of this appeal, the Kansas City police executed a state-issued search warrant on April 17, 2003, and seized $130,097 from Timley's residence. This currency is proceeds of Timley's conspiracy to distribute narcotics. Subsequent to the state's seizure, a federal grand jury indicted Timley for conspiring to distribute marijuana. In this federal indictment, the United States also sought the forfeiture of the $130,097 as proceeds of the conspiracy.

After the federal grand jury presented the indictment, the State of Missouri sought, under Missouri state law, to transfer the $130,097 it seized to federal custody, in order to accommodate the federal forfeiture. Timley, through his attorney, Peters, objected to the transfer. A Clay County circuit court sustained the objection, denying Missouri's request to transfer the funds. The Clay County court then ordered Kansas City police to return the currency to Peters, for the benefit of Timley, who was then in federal custody.

Subsequently, on June 9, 2004, Timley, along with one of his co-conspirators, entered into a plea agreement with the United States. Pursuant to this agreement, Timley agreed, inter alia, to "take all steps necessary for this $130,097.00 to be forfeited to the United States government." With a guilty plea in hand, the United States, in federal district court, sought to secure forfeiture of the $130,097. Once again, Peters objected, this time on his own behalf. Peters argued that he had a valid third-party interest and that the district court lacked jurisdiction to forfeit the money. After considering Peters' arguments, the district court ruled in Peters' favor,

concluding it lacked jurisdiction to forfeit the $130,097. The district court then dismissed the case.

The United States appealed this dismissal. In that appeal, we held that the district court had jurisdiction to forfeit the currency, and noted that Peters could not establish a superior legal interest to the money. Timley I, 443 F.3d at 628-29 (citing 21 U.S.C. § 853(n)(6)(A)). The panel then remanded the case to the district court. Id. On remand, the United States moved for a final order of forfeiture. Peters responded by filing a second third-party petition for an ancillary hearing under 21 U.S.C. § 853. Without conducting an ancillary hearing, the district court granted the United States' motion for a final order of forfeiture, thereby forfeiting the $130,097 to the United States. Peters now appeals both the denial of his second third-party petition and the district court's final order of forfeiture.

## II. LEGAL FRAMEWORK: CRIMINAL FORFEITURE UNDER SECTION 853

In reviewing the denial of a third-party claim in a forfeiture proceeding, we review the district court's findings of fact for clear error and its interpretation and application of federal forfeiture laws de novo. United States v. Totaro, 345 F.3d 989, 993 (8th Cir. 2003).

Twenty-one United States Code § 853 addresses criminal forfeitures. 21 U.S.C. § 853. Under § 853, any person convicted of a drug-law violation punishable by more than one-year imprisonment shall forfeit to the United States, irrespective of any provision of state law, "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of [the] violation." Id. § 853(a)(1).

Section 853 also articulates procedures by which third parties may assert their interest in forfeited property. Indeed, a third party may petition a federal district court to adjudicate the validity of his purported interest in such property. Id. § 853(n).

Specifically, "[a]ny person, other than the defendant, asserting a *legal interest* in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." Id. § 853(n)(2) (emphasis added). Additionally, Federal Rule of Criminal Procedure 32.2 includes a similar provision mandating that a district court conduct an ancillary proceeding when a third party files a petition asserting an interest in property forfeited as the proceeds of criminal activity. Fed. R. Crim. P. 32.2(c)(1). The specifications that a third-party claimant have a legal interest (under § 853) and an interest (under Rule 32.2) impose a statutory-standing requirement on claimants. Thus, under both § 853 and Rule 32.2, "a party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate [a legal] interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." United States v. Three Hundred Sixty Four Thousand Nine Hundred Sixty Dollars ($364,960.00) in U.S. Currency, 661 F.2d 319, 326 (5th Cir. 1981).

Standing in forfeiture cases has "both constitutional and statutory aspects." United States v. One-Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir. 2003). As to constitutional standing, "[i]t is well established that a party seeking to challenge a forfeiture of property must first demonstrate an ownership or possessory interest in the seized property in order to have standing to contest the forfeiture." Id. at 41.

Regarding statutory standing, a plaintiff must have a legal interest. "Legal interest" is not defined within § 853. Facing a similar situation, the Supreme Court held that where the term "interest" is not specifically defined in a statute, it is assumed that the legislature's purpose is expressed by the ordinary meaning of the words used in the statute. See Russello v. United States, 464 U.S. 16, 21 (1983). To ascertain the ordinary meaning of "interest," the Russello Court turned to Black's Law Dictionary, which defines "interest" as "'[t]he most general term that can be employed to denote

a right, claim, title or legal share in something.'" Id. (quoting Black's Law Dictionary 729 (5th ed. 1979)).

As § 853 does not define "legal interest," it should be given its ordinary meaning. Thus, we turn to Black's Law Dictionary, which defines a "legal interest" as "an interest that has its origin in the principles, standards, and rules developed by courts of law as opposed to courts of chancery." Black's Law Dictionary 829 (8th ed. 2004). Therefore, the term "legal interest" encompasses only legally protected rights, not equitable rights.

Because a legal interest is required to bring a claim under 21 U.S.C. § 853(n)(2), a court must first look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest. United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir. 2003). If, for example, the property right arises under state law, a federal court will first look to state law to see what interest the claimant has in the property. If the claimant has no interest under state law, the inquiry ends, and the claim fails for lack of standing.

If a court determines the claimant has an interest in the property under the law of the jurisdiction that created the property right, then at the ancillary hearing, it must next look to federal law, i.e., to 21 U.S.C. § 853(n)(6), to determine if the claimant will prevail in the ancillary proceeding.[2]

---

[2]Many courts have conflated § 853(n)(2) with § 853(n)(6). This is incorrect, as § 853(n)(6), by its language "after the hearing," assumes that a claimant has standing to petition for an ancillary hearing. A more accurate reading treats § 853(n)(2) as requiring an initial showing of a "legal interest" to obtain an ancillary hearing and § 853(n)(6) as requiring a showing of a "superior legal interest" to prevail at the hearing. This difference is not pedantic, but essential to determining a court's power to conduct an ancillary hearing. See, e.g., United States v. Premises Known as 7725 Unity Ave. N., Brooklyn Park, Minn., 294 F.3d 954, 957 (8th Cir. 2002) (stating "[the plaintiff] need not prove its interest is superior to the [g]overnment's interest to

There are two grounds on which to prevail at an ancillary hearing. The claimant must either demonstrate priority of ownership at the time of the offense under § 853(n)(6)(A), or that he subsequently acquired the property as a bona fide purchaser for value under § 853(n)(6)(B). United States v. Watkins, 320 F.3d 1279, 1282 (11th Cir. 2003) (citing 21 U.S.C. §§ 853(n)(6)(A) & (B)).

Section 853(n)(6)(A)–the priority-of-ownership ground–embodies the relation-back doctrine. Under the relation-back doctrine, title to the forfeited property vests in the United States at the time of the defendant's criminal act. Nevertheless, a third party who had a legal interest in the forfeited property before the underlying crime was committed can prevail in the ancillary proceeding on the ground that he had an interest in the property before the government's interest vested. United States v. Nava, 404 F.3d 1119, 1129 (9th Cir. 2005).

Several years ago, Judge Canby wrote that a third party can never have a successful claim under § 853(n)(6)(A) if the property was the proceeds of an offense. United States v. Hooper, 229 F.3d 818, 821-22 (9th Cir. 2000). As the court in Hooper explained, the proceeds of an offense do not exist before the offense is committed, and when they come into existence, the government's interest under the relation-back doctrine immediately vests. Id.

Section 853(n)(6)(B), which provides the second possible ground to prevail at an ancillary hearing, is an exception to the relation-back doctrine. It provides that a person who acquired an interest in the forfeited property after the government's interest vested may nevertheless prevail in the ancillary proceeding if he was a bona fide purchaser for value. 21 U.S.C. § 853. This defense consists of the following three elements: (1) the claimant has a legal interest in the forfeited property; (2) the

_____

have a stake in the outcome of the forfeiture proceedings").

-6-

interest was acquired as a bona fide purchaser for value; and (3) the interest was acquired at a time when the claimant was reasonably without cause to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B).

Under this exception, even if the claimant establishes the first two elements, he will not prevail unless he satisfies the "reasonably without cause to believe" element of the statute. This requirement creates a problem for defense attorneys who perform services in return for criminal proceeds. As the Supreme Court said in Caplin & Drysdale, Chartered v. United States, "given the requirement that any assets which the [g]overnment wishes to have forfeited must be specified in the indictment, the only way a lawyer could be a beneficiary of § 853(n)(6)(B) would be to fail to read the indictment of his client." 491 U.S. 617, 632 n.9 (1989).

## III.    APPLICATION

Here, Peters has a valid third-party interest in the $130,097 sufficient to confer standing to obtain an ancillary hearing. Indeed, the parties do not even dispute that Peters holds a valid attorney's lien under Missouri law.[3] Because Peters has a valid third-party interest, he has standing.

Nevertheless, just because we hold today that Peters has a legal interest sufficient to satisfy the standing requirement, we need not reverse the district court's denial of a hearing. Reversal of the district court's order is not required because Peters cannot satisfy either ground required to prevail at the hearing.

---

[3]Moreover, in Timley I, we held that Peters "had a fee agreement with Timley for his actions in state court attempting to recover Timley's $130,097, and this agreement entitled him to fifty percent of the money recovered from the state, or an hourly rate of $300 per hour, whichever was greater" and that "he filed an attorney's lien on the $130,097 for payment of his fees." Timley I, 443 F.3d at 621.

Indeed, Timley agreed that the $130,097 seized by police was proceeds of a conspiracy that began on or about December 1, 2002, and Peters did not file his attorney's lien until June 25, 2003. Thus, under the relation-back doctrine, the government has a superior legal interest to the currency unless Peters is a bona fide purchaser for value under § 853(n)(6)(B).

Unfortunately, however, for Peters, he is not a bona fide purchaser for value because he acquired his interest over one month after a federal grand jury indicted Timley. Thus, when Peters filed his attorney's lien he had no reason to believe the government lacked an interest. Therefore, Peters is not a bona fide purchaser for value and cannot establish an exception to the relation-back doctrine entitling him to prevail at an ancillary hearing. As a result, a remand to the district court for an ancillary proceeding would be superfluous. And it is well established that "the law doth never enforce a man to do[] a vain[] thing." Sir Edward Coke, The First Part of the Institutes of the Laws of England § 79a (London, E. and R. Nutt & R. Gosling 1730) (1628).

## IV.    CONCLUSION

Even though Peters has standing under 21 U.S.C. § 853(n)(2), he cannot carry the day at the ancillary hearing. As a result, a remand to the district court would be both futile and a waste of judicial resources. Therefore, we affirm.

_____