**UNITED STATES of America,
Plaintiff,**

v.

**Martin T. SIGILLITO, Defendant.**

**No. 11–CR–168–LRR.**

United States District Court,
E.D. Missouri,
Eastern Division.

April 1, 2013.

Jess E. Michaelsen, United States Attorney's Office, Kansas City, MO, Richard E. Finneran, Steven E. Holtshouser, Office of U.S. Attorney, St. Louis, MO, for Plaintiff.

Douglas P. Roller, Roller Law Office, LLC, St. Louis, MO, Shahzad Naseem, Jeffrey D. Morris, Berkowitz Oliver, LLP,

Kansas City, MO, Adam D. Fein, N. Scott Rosenblum, Rosenblum and Schwartz, Clayton, MO, for Defendants.

**ORDER**

LINDA R. READE, Chief Judge.

## TABLE OF CONTENTS

I. INTRODUCTION ................................................. 881

II. RELEVANT PROCEDURAL BACKGROUND .............................. 881
 A. Underlying Case ......................................... 881
 B. Ancillary Proceedings .................................. 882

III. STANDARD OF REVIEW ......................................... 883

IV. EVIDENTIARY HEARING ......................................... 884

V. ANALYSIS .................................................... 884
 A. Applicable Law .......................................... 884
 B. Application ............................................. 886
 1. Sigillito's Amended Petition ........................ 886
 2. Finan's Amended Petition ............................ 887
 a. Marital interest ................................ 887
 i. Pleading requirements ...................... 888
 ii. Standing ................................... 888
 iii. Merits .................................... 889
 b. Quantum meruit .................................. 890
 c. Gifted jewelry .................................. 891
 d. Checking account ................................ 891
 e. General creditor ................................ 892
 f. Constitutional arguments ........................ 893
 g. Summary ......................................... 893

VI. CONCLUSION ................................................. 893

## I. INTRODUCTION

The matters before the court are the government's "Motion to Dismiss Amended Verified Petition of Bridget F. Sigillito" ("Motion to Dismiss Sigillito's Amended Petition") (docket no. 411) and "Motion to Dismiss Amended Verified Petition of Margaret A. Finan" ("Motion to Dismiss Finan's Amended Petition") (docket no. 413) (collectively, "Motions to Dismiss").

## II. RELEVANT PROCEDURAL BACKGROUND

### A. Underlying Case

On April 28, 2011, the government filed a twenty-two count Indictment (docket no. 2) against Defendant Martin T. Sigillito and others. Counts 1 through 9 charged Defendant with committing wire fraud in violation of 18 U.S.C. §§ 1343 and 2(b). Counts 10 through 15 charged Defendant with committing mail fraud in violation of 18 U.S.C. §§ 1341 and 2(b). Count 16 charged Defendant with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371. Finally, Counts 17 through 22 charged Defendant with engaging in and attempting to engage in money laundering transactions in violation of 18 U.S.C. §§ 1957 and 2(b).

The Indictment also contained forfeiture allegations. Specifically, the Indictment alleged that Defendant should forfeit to the United States "any property, real or personal, constituting or derived from any proceeds traceable" to the mail fraud, wire fraud and conspiracy to commit mail and

wire fraud offenses. Indictment at 25. The Indictment also alleged that Defendant should forfeit to the United States "any property, real or personal, involved in [the money laundering offenses], or any property traceable to such property." *Id.* The forfeiture allegations incorporated Appendix A (docket no. 2–1) to the Indictment,[1] which contained a list of 670 specific properties the government alleged were traceable to the mail fraud, wire fraud, conspiracy to commit mail and wire fraud and money laundering offenses.

On March 19, 2012, a jury trial on Counts 1 through 22 commenced. On April 9, 2012, at the close of the government's evidence, the government moved to dismiss Counts 14 and 15, and the court granted the motion. On that same date, Defendant waived his right to have the jury decide whether the specific properties listed in Appendix A to the Indictment were subject to forfeiture. *See* Fed. R.Crim.P. 32.2(b)(5)(A). The case was submitted to the jury, and, on April 13, 2012, the jury returned guilty verdicts on Counts 1 through 13 and 16 through 22.

On May 22, 2012, the government filed a "Motion ... for Preliminary Order of Forfeiture" (docket no. 276). Defendant and the government submitted briefs on the forfeiture issue and the court heard oral arguments.[2] On October 18, 2012, the court entered an Order (docket no. 365) finding that the government proved by a preponderance of the evidence that the properties listed in Appendix A to the Indictment were the proceeds of Defendant's offenses and, thus, subject to for-

feiture. October 18, 2012 Order at 27. Alternatively, the court found that the properties were forfeitable as substitute assets under 21 U.S.C. § 853(p). *Id.* The court also granted the government's request for a money judgment against Defendant in the amount of $51,568,087.17. *Id.* In accordance with its findings in the October 18, 2012 Order, the court entered a Preliminary Order of Forfeiture (docket no. 366). On December 28, 2012, the court ordered final forfeiture pursuant to the Preliminary Order of Forfeiture. *See* Judgment (docket no. 385) at 8.

### B. Ancillary Proceedings

On January 17, 2013, the government filed a "Declaration of Publication" (docket no. 395), which declared that the government complied with 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6)(C) by posting a notice of forfeiture for thirty consecutive days, beginning on December 4, 2012, and ending on January 2, 2013.

On January 24, 2013, Petitioner Margaret A. Finan, Defendant's wife, filed a "Verified Petition of Margaret A. Finan for Relief from Court's Order of Forfeiture" ("Finan's Original Petition") (docket no. 397). That same date, Petitioner Bridget F. Sigillito,[3] Defendant's daughter, filed a "Verified Petition of Bridget F. Sigillito for Relief from Court's Order of Forfeiture" ("Sigillito's Original Petition") (docket no. 398).

On February 4, 2013, the government filed a "Motion to Dismiss and for a More Definite Statement with Regard to [Fi-

---

1. On September 27, 2012, the government filed a renumbered Appendix A (docket no. 355–2), which assigned each property a unique identifying number.

2. For a more thorough discussion of the parties' various filings on the issue of forfeiture, see the court's October 18, 2012 Order (docket no. 365).

3. The court notes that Petitioner Bridget F. Sigillito and Defendant Martin T. Sigillito share a last name. In this Order, the court shall refer to Defendant Martin T. Sigillito as "Defendant" and Petitioner Bridget F. Sigillito as "Sigillito."

nan's Original Petition]" ("Motion to Dismiss Finan's Original Petition") (docket no. 400) and a "Motion to Dismiss [Sigillito's Original Petition]" ("Motion to Dismiss Sigillito's Original Petition") (docket no. 402).

On February 5, 2013, the court granted the government's request for a more definite statement of Finan's claims and directed Finan to file an amended petition along with her response to the government's Motion to Dismiss Finan's Original Petition. *See* February 5, 2013 Order (docket no. 406) at 2–3. Specifically, the court ordered that, in her amended petition, Finan must comply with the pleading requirements set forth in 21 U.S.C. § 853(n)(3), identify the specific properties she claims using the unique identifying numbers set forth on the list attached to the court's February 5, 2013 Order and attach any receipts or paperwork establishing her right, title or interest to the claimed properties. *Id.* The court also found it appropriate to order Sigillito to file an amended petition along with her response to the government's Motion to Dismiss Sigillito's Original Petition. *Id.* The court ordered that Sigillito's amended petition must comply with the same requirements the court set forth for Finan's amended petition. *Id.*

On February 11, 2013, Sigillito filed an "Amended Verified Petition ... for Relief from Court's Order of Forfeiture" ("Sigillito's Amended Petition") (docket no. 409). On that same date, Finan filed an "Amended Verified Petition ... for Relief from Court's Order of Forfeiture" ("Finan's Amended Petition") (docket no. 410).[4] On February 14, 2013, the government filed the Motion to Dismiss Finan's Amended Petition and the Motion to Dismiss Sigillito's Amended Petition. Finan and Sigillito

have not filed responses to the government's Motions to Dismiss, and the time for doing so has expired. *See* E.D. Mo. L.R. 4.01(B) ("[E]ach party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies."). The court finds that the Motions to Dismiss are ready for decision.

### III. STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 32.2(c)(1)(A), the government may file a motion to dismiss a third-party "petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed.R.Crim.P. 32.2(c)(1)(A); *accord United States v. White*, 675 F.3d 1073, 1077 (8th Cir.2012). " '[A] motion to dismiss a third-party petition in a forfeiture proceeding ... [is] treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b).' " *Willis Mgmt. (Vt.), Ltd. v. United States*, 652 F.3d 236, 241 (2d Cir.2011) (first alteration in original) (quoting *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir.2004)). "Therefore, a petition should not be dismissed if the petitioner has stated 'enough facts to state a claim to relief that is plausible on its face.' " *Id.* at 241–42 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "For purposes of the motion, the facts set forth in the petition are assumed to be true." Fed.R.Crim.P. 32.2(c)(1)(A); *accord White*, 675 F.3d at 1077. The court, however, is "not required to accept any legal conclusions included in the petition." *Willis Mgmt.*, 652 F.3d at 242.

---

4. In the February 5, 2013 Order, the court directed Finan and Sigillito to respond to the government's motions to dismiss the original

petitions; however, neither Finan nor Sigillito filed a resistance or otherwise responded to the government's arguments as directed.

## IV. EVIDENTIARY HEARING

■ The court need not hold a hearing on a petition if it is clear that the petitioner "could not prevail even if [a hearing] were granted." *White,* 675 F.3d at 1081; *see also id.* at 1077 (" 'If a third party fails to allege in its petition all elements necessary for recovery, including those related to standing, the court may dismiss the petition without providing a hearing.' " (quoting *United States v. BCCI Holdings (Lux.), S.A.,* 919 F.Supp. 31, 36 (D.D.C. 1996))); *United States v. Oregon,* 671 F.3d 484, 488 (4th Cir.2012) (describing the steps of an ancillary proceeding and noting that a district court need not hold a hearing if it grants a motion to dismiss); *United States v. Salti,* 579 F.3d 656, 664 (6th Cir.2009) ("[D]iscovery and a hearing are not required prior to ruling on a motion to dismiss."). Stated differently, if the court grants a motion to dismiss under Federal Rule of Criminal Procedure 32.2(c)(1)(A), the petitioner is not entitled to an evidentiary hearing. In this case, for the reasons discussed herein, the court finds no need for an evidentiary hearing because Finan and Sigillito could not prevail even if a hearing were granted.

## V. ANALYSIS

Before turning to consider the government's Motions to Dismiss, the court shall first outline the law applicable to third-party petitions in criminal forfeiture proceedings.

### A. Applicable Law

Title 28, United States Code, Section 2461(c) provides that "[t]he procedures in [21 U.S.C. § 853] apply to all stages of a criminal forfeiture proceeding." 28 U.S.C. § 2461(c). The procedures applicable to third-party claims to forfeited property are addressed under 21 U.S.C. § 853(n), which states that "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States ... may ... petition the court for a hearing to adjudicate the validity of his [or her] alleged interest in the property." 21 U.S.C. § 853(n)(2). Such a petition must comply with certain pleading requirements, as set forth in § 853(n)(3):

The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3).

■ A third-party petitioner must also have standing to contest the forfeiture. "Standing in forfeiture cases has 'both constitutional and statutory aspects.' " *United States v. Timley,* 507 F.3d 1125, 1129 (8th Cir.2007) (quoting *United States v. One–Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233,* 326 F.3d 36, 40 (1st Cir. 2003)). To establish constitutional standing, the petitioner "must ... demonstrate an ownership or possessory interest in the [forfeited] property." *Id.* (quoting *One–Sixth Share,* 326 F.3d at 41). To establish statutory standing, the petitioner "must have a legal interest." *Id.* "[T]he term 'legal interest' encompasses only legally protected rights, not equitable rights." *Id.* To determine whether a petitioner has a legal interest, the "court must ... look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." *Id.* at 1129–30; *see also Willis Mgmt.,* 652 F.3d at 242 ("State law determines a petitioner's legal interest in the property at issue."); *Salti,* 579 F.3d at 668–69 (collecting cases).

If the petitioner complies with the 21 U.S.C. § 853(n)(3) pleading requirements and has constitutional and statutory standing, then the court considers the merits of the petitioner's claim. To prevail, a petitioner must prove, by a preponderance of the evidence, that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole in or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section. . . .

21 U.S.C. § 853(n)(6) (emphasis omitted); see also White, 675 F.3d at 1081 ("[The petitioner] must either demonstrate priority of ownership in the forfeited property or establish that she was a bona fide purchaser for value of the property."); United States v. Porchay, 533 F.3d 704, 709 (8th Cir.2008) (same); Timley, 507 F.3d at 1130 (same).

 To establish priority of ownership under the first prong of 21 U.S.C. § 853(n)(6), the petitioner must show that "he [or she] had an interest in the property before the government's interest vested." Timley, 507 F.3d at 1130. The Eighth Circuit Court of Appeals has recognized that "a third party can never have a successful claim under § 853(n)(6)(A) if the property was the proceeds of an offense." Id. This is due to the relation-back doctrine, under which the government's right to the proceeds of a criminal offense vests immediately upon commission of the offense. Id.; see also 21 U.S.C. § 853(c) ("All right, title, and interest in property [subject to criminal forfeiture] vests in the United States upon the commission of the act giving rise to forfeiture. . . ."); United States v. McHan, 345 F.3d 262, 271–72 (4th Cir.2003) (applying the relation-back doctrine to substitute assets under 21 U.S.C. § 853(p)).

 To qualify as a bona fide purchaser for value under the second prong of 21 U.S.C. § 853(n)(6), the petitioner must show that he or she acquired the right, title or interest as a bona fide purchaser for value and "that the interest was acquired at a time when the [petitioner] was reasonably without cause to believe that the property was subject to forfeiture." White, 675 F.3d at 1081 (quoting Timley, 507 F.3d at 1130–31); see also United States v. Huntington Nat'l Bank, 682 F.3d 429, 433 (6th Cir.2012) ("Th[e] bona fide purchaser exception protects a third party who acquires a legal interest in property for value after the acts giving rise to the forfeiture have occurred and who had no reason to believe that the property was subject to forfeiture." (emphasis omitted)). "Federal law controls whether a party qualifies as a [bona fide purchaser] under 21 U.S.C. § 853(n)(6)(B)." Huntington Nat'l Bank, 682 F.3d at 433.

Thus, to be entitled to relief, a third-party petitioner must: (1) file a petition that complies with the pleading requirements set forth in 21 U.S.C. § 853(n)(3); (2) have constitutional and statutory standing to contest the forfeiture; and (3) establish either priority of ownership or that the petitioner is a bona fide purchaser for value. If the petitioner satisfies each of these requirements, "the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed.

R.Crim.P. 32.2(c)(2); *accord* 21 U.S.C. § 853(n)(6). If the petitioner does not satisfy each requirement, the petitioner is not entitled to relief.

### B. Application

#### 1. Sigillito's Amended Petition

█ In Sigillito's Amended Petition, she claims an "interest in Item [N]umber 599, One 18ct gold cross with real diamonds and one 14ct gold chain that was seized from [her] home on July 1, 2010." Sigillito's Amended Petition at 1–2. Sigillito contends that the property "was a gift from her parents in August, 2009, and therefore, ownership is vested in [her]." *Id.* at 2. Sigillito raises four arguments in support of her Amended Petition: (1) forfeiture of the property violates her Eighth Amendment right to be free from cruel and unusual punishment; (2) forfeiture of the property violates her Fifth Amendment right to due process; (3) she is an innocent owner because she was unaware "of the conduct giving rise to the forfeiture at the time she acquired an interest in the property"; and (4) "[t]he forfeiture is an excessive fine and is limited by the ... Eighth Amendment['s] Excessive Fines Clause." *Id.*

The government argues that the court should dismiss Sigillito's Amended Petition because she cannot satisfy either prong of 21 U.S.C. § 853(n)(6). Specifically, the government contends that Sigillito cannot establish priority of ownership under 21 U.S.C. § 853(n)(6)(A) because the court has previously found that Item Number 599 constitutes the proceeds of Defendant's criminal offenses and, thus, the government's right to the property vested immediately upon commission of the criminal offenses under the relation-back doctrine. Furthermore, the government contends that Sigillito is not bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B) because she alleges that the property was a gift.

For the reasons more fully stated in the government's Motion to Dismiss Sigillito's Amended Petition, the court finds that Sigillito has failed to state a claim upon which relief can be granted. That is, she has not alleged facts demonstrating that she has priority of ownership under 21 U.S.C. § 853(n)(6)(A) or that she is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B). In regards to priority of ownership, the government correctly notes that Sigillito cannot show that she has a superior right, title or interest in Item Number 599 because the court already found in its October 18, 2012 Order that Item Number 599 constitutes the proceeds of Defendant's criminal offenses. *See* October 18, 2012 Order at 27; *see also Timley,* 507 F.3d at 1130 (explaining that "a third party can never have a successful claim under § 853(n)(6)(A) if the property was the proceeds of an offense" due to the relation-back doctrine). Moreover, Sigillito cannot challenge the court's earlier finding that Item Number 599 constitutes the proceeds of Defendant's criminal offenses. *See White,* 675 F.3d at 1078 (" '[T]here is no provision in § 853(n) to relitigate the outcome of [the forfeiture] proceedings.' " (second alteration in original) (quoting *Porchay,* 533 F.3d at 710)). Thus, Sigillito cannot demonstrate priority of ownership under 21 U.S.C. § 853(n)(6)(A).

The court also agrees with the government that Sigillito has not alleged facts sufficient to state a plausible claim under 21 U.S.C. § 853(n)(6)(B). In Sigillito's Amended Petition, she contends that Item Number 599 "was a gift from her parents in August, 2009." Sigillito's Amended Petition at 2. Under the plain meaning of § 853(n)(6)(B), a petitioner must have *purchased* the property to qualify as a bona fide purchaser. *See* 21 U.S.C. § 853(n)(6)(B); *see also United States v. Kennedy,* 201 F.3d 1324, 1335 (11th Cir. 2000) ("The criminal forfeiture provisions

provide only two ways for third parties to establish their interest in forfeited property; and one of them is emphatically *not* that the criminal defendant gave the third party a gift."); *United States v. Klemme*, 894 F.Supp.2d 1113, 1117–18 (E.D.Wis. 2012) ("[A] person who receives property subject to forfeiture as a 'gift' cannot be a bona fide purchaser for value."). Even if Sigillito was unaware of the conduct giving rise to the forfeiture at the time she acquired an interest in Item Number 599, as she claims in her Amended Petition, "there is no statutory basis upon which to base an innocent owner defense." *United States v. Totaro*, 345 F.3d 989, 994–95 (8th Cir.2003) (discussing a third-party claim under 18 U.S.C. § 1963, a statutory provision that "is identical to the drug crimes forfeiture statute, 21 U.S.C. § 853(n)"); *see also United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir.1993) ("Section 853 ... does not contain an innocent owner provision; as a result, [the petitioner's] alleged innocence, standing alone, cannot defeat the [g]overnment's interest in criminally forfeited property."). Thus, Sigillito is not a bona fide purchaser within the meaning of 21 U.S.C. § 853(n)(6)(B).

Because Sigillito fails to state facts entitling her to relief under either prong of 21 U.S.C. § 853(n)(6), her Amended Petition fails as a matter of law. *See, e.g., White*, 675 F.3d at 1081 ("[The petitioner] cannot prevail in the forfeiture proceeding unless she qualifies for relief under one of the two prongs of § 853(n)(6)."). Sigillito's constitutional arguments are without merit and do not alter the court's conclusion. The government provided Sigillito notice of the forfeiture and she has had an opportunity to petition the court to assert her claim pursuant to the provisions of 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c). Accordingly, Sigillito

has been afforded due process. *See United States v. O'Dell*, 247 F.3d 655, 686 (6th Cir.2001) (noting, in dictum, that 21 U.S.C. § 853(n) "affords due process to third parties by allowing them to assert their interests in subject property"). Further, Sigillito's Eighth Amendment rights are not implicated and she lacks standing to assert an Eighth Amendment violation on behalf of Defendant.[5]

In light of the foregoing, the court shall grant the government's Motion to Dismiss Sigillito's Amended Petition.

### 2. Finan's Amended Petition

In Finan's Amended Petition, she asserts that she has: (1) a marital interest in all 670 properties subject to forfeiture; (2) an interest "similar to a *quantum merit* [sic] claim" in all 670 properties subject to forfeiture, Finan's Amended Petition at 2; (3) an interest in certain items of jewelry that she received as gifts; (4) an interest in a St. Louis Bank checking account that she alleges she funded with her independent earnings; and (5) "an interest in any forfeited property proceeds as a lender [to] Defendant Derek Smith, as evidenced by loan agreements and letters from the Federal Bureau of Investigation regarding 'victim's' rights," Finan's Amended Petition at 4. In addition, Finan raises Fifth and Eighth Amendment arguments identical to those raised by Sigillito in Sigillito's Amended Petition. The court shall address each claim in turn.

#### a. Marital interest

First, Finan claims that, pursuant to Missouri law, she has a marital interest in all 670 properties that the court ordered her husband, Defendant, to forfeit. In the Motion to Dismiss Finan's Amended Petition, the government argues that Finan

---

5. The court notes that it addressed Defendant's Eighth Amendment arguments in its October 18, 2012 Order. *See* October 18, 2012 Order at 23–27.

has failed to comply with the pleading requirements set forth in 21 U.S.C. § 853(n)(3) because she did not provide details "relating to the 'nature,' 'extent,' 'timing,' and 'circumstances' of her acquisition of any interest in the forfeited propert[ies]." Memorandum in Support of Motion to Dismiss Finan's Amended Petition (docket no. 414) at 3. Moreover, the government argues that, because the court has already found that the properties constitute proceeds of Defendant's criminal acts, the United States has superior title under the relation-back doctrine and, consequently, Finan's claim must fail.

The court first addresses the government's argument that Finan failed to comply with the pleading requirements. Although the court agrees with the government that Finan did not sufficiently plead her marital-interest claim, the court shall go on to determine whether Finan has standing and whether her marital-interest claim could prevail on the merits.

### i. Pleading requirements

■■■ The court agrees with the government that Finan's bare allegation that she has a marital interest in the properties subject to forfeiture does not satisfy the 21 U.S.C. § 853(n)(3) pleading requirements. Finan's claim consists of three lines: "[Finan] is the wife of Defendant.... [Finan] has a marital interest in the assets listed on the attached Appendix, which is incorporated herein, that are subject to forfeiture. Under Missouri law, property owned by husband and wife [is] presumed to be marital." Finan's Amended Petition at 1. Finan does not cite to any Missouri law establishing a marital interest, she does not indicate whether she claims a full or partial interest in the properties and she does not specify the time or circumstances of her acquisition of the interest. See 21 U.S.C. § 853(n)(3) (requiring a petitioner to plead the "nature and extent" of his or her right, title or interest and the

"time and circumstances" of his or her acquisition of the right, title or interest). Thus, the court shall dismiss Finan's marital-interest claim for failure to comply with the pleading requirements. See Fed. R.Crim.P. 32.2(c)(1)(A) ("[T]he court may, on motion, dismiss the petition ... for failure to state a claim ...."); see also United States v. Glenn, No. CR–10–084–RAW, 2012 WL 3775965, at *1–2 (E.D.Okla. Aug. 28, 2012) (dismissing a petition because the petitioner failed to allege the time and circumstances of his acquisition of a right, title or interest the property).

### ii. Standing

■■■ Even if Finan had sufficiently pleaded her marital-interest claim, the court concludes that she lacks statutory standing. See 21 U.S.C. § 853(n)(2) (requiring a petitioner to have a "legal interest" in the property). As noted above, the court looks to the law of the jurisdiction that created the property right to determine whether the third-party petitioner has a legal interest. See, e.g., Timley, 507 F.3d at 1129–30. In this case, Finan bases her marital-interest claim on Missouri law.

Missouri Revised Statute section 451.250 provides, in relevant part:

All real estate and any personal property, including rights in action, belonging to any man or woman at his or her marriage, or which may have come to him or her during coverture, by gift, bequest or inheritance, or by purchase with his or her separate money or means, or be due as the wages of his or her separate labor, or has grown out of any violation of his or her personal rights, shall, together with all income, increase and profits thereof, be and remain his or her separate property and under his or her sole control, and shall not be liable to be taken by any process

of law for the debts of his wife or her husband.

Mo.Rev.Stat. § 451.250. Thus, under section 451.250, any properties that Defendant purchased with the proceeds of his criminal conduct would be his separate property. *Cf. State v. Cox*, 784 S.W.2d 244, 245 (Mo.Ct.App.1989) (finding that, in the context of a forfeiture action, a husband had "no ownership interest since [his wife's] interest [was] her separate property" and citing section 451.250).

Despite section 451.250, Finan alleges that, "[u]nder Missouri law, property owned by husband and wife [is] presumed to be marital." Finan's Amended Petition at 1. Although Finan cites to no authority, it appears that this statement is based on Missouri Revised Statute section 452.330, which governs property division upon dissolution of marriage. *See* Mo.Rev.Stat. §§ 452.330.2 and 452.330.3 (defining "marital property" for purposes of chapter 452 only and providing that "[a]ll property acquired by either spouse subsequent to marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property"). The Eighth Circuit, however, has held that "[d]ivorce law does not govern a spouse's claimed interest in forfeited property." *United States v. Cochenour*, 441 F.3d 599, 600–01 (8th Cir.2006) (affirming the district court's finding that the petitioner had "no legal interest in the forfeited property" because "[t]he Missouri statute relied upon by [the petitioner] specifically limits its applicability to dissolution of marriage"); *see also Totaro*, 345 F.3d at 997–98 (collecting cases that "have rejected state divorce law as the basis for a spouse's claim to a legal right, title or interest in forfeited property").

Thus, in light of section 451.250 and the fact that Finan cannot rely on divorce law, the court finds that Finan does not have a legal interest in the 670 properties subject to forfeiture by virtue of her marriage to Defendant. Without such a legal interest, she lacks standing to assert a claim to the properties subject to forfeiture. *See Timley*, 507 F.3d at 1130 ("If the [petitioner] has no interest under state law, the inquiry ends, and the claim fails for lack of standing."); *Cochenour*, 441 F.3d at 600–01 (affirming the district court's dismissal of the petitioner's claim because the petitioner lacked a legal interest in the property). Accordingly, even if the court found that Finan had complied with the pleading requirements set forth in 21 U.S.C. § 853(n)(3), it would nevertheless dismiss her marital-interest claim for lack of standing. *See* Fed.R.Crim.P. 32.2(c)(1)(A) ("[T]he court may, on motion, dismiss the petition for lack of standing . . . .").

### iii. Merits

 Finally, even if Finan had adequately pleaded her marital-interest claim and she had standing, the court would find that her claim fails on the merits because she has not alleged facts demonstrating that she has priority of ownership under 21 U.S.C. § 853(n)(6)(A) or that she is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B). *See, e.g., White*, 675 F.3d at 1081 ("[The petitioner] cannot prevail in the forfeiture proceeding unless she qualifies for relief under one of the two prongs of § 853(n)(6)."). Finan cannot establish that she has priority of ownership under 21 U.S.C. § 853(n)(6)(A) because "any potential ownership interest acquired by [Finan] as a result of her marriage to Defendant is inferior to the United States' [interest] under the 'relation back' doctrine . . . , which provides that the government's interest in criminal proceeds vests upon the commission of the criminal act itself." Memorandum in Support of Motion to Dismiss Finan's Amended Petition at 4; *see also Timley*, 507 F.3d at 1130 (explaining that "a third party can never have a suc-

cessful claim under § 853(n)(6)(A) if the property was the proceeds of an offense" due to the relation-back doctrine); *United States v. Martinez*, 228 F.3d 587, 590 (5th Cir.2000) (explaining that, under 18 U.S.C. § 1963, the spouse of a defendant cannot claim a marital interest in proceeds because the title to the property vests in the United States immediately upon commission of the underlying criminal act pursuant to the relation-back doctrine).

Furthermore, Finan cannot establish that she is a bona fide purchaser for value of the property under 21 U.S.C. § 853(n)(6)(B). Finan does not allege in the Amended Petition that she purchased the properties at issue; rather, her claim appears to be that she merely has an interest in the properties for the sole reason that she is married to Defendant. This is not sufficient under either prong of 21 U.S.C. § 853(n)(6). Accordingly, even if the court were to reach the merits of Finan's marital-interest claim, the court would find that she is not entitled to relief.

Thus, in light of the foregoing, the court shall grant the government's Motion to Dismiss Finan's Amended Petition insofar as it requests that the court dismiss Finan's marital-interest claim.

### b. Quantum meruit

■ Second, Finan alleges an interest in all 670 properties under a *quantum meruit* theory. This claim alleges, in its entirety:

[Finan] has an interest similar to a *quantum merit* [sic] claim she earned by providing funds for household expenses, medical and property expenses, tuition and property taxes in exchange for the purchase of the subject assets purchased by Defendant for investment for future expenses such as educational expenses for the children of Defendant and [Finan].

Finan's Amended Petition at 1–2. The government argues that this claim fails for the same reasons that Finan's marital-interest claim fails—that is, she has failed to provide sufficient detail under 21 U.S.C. § 853(n)(3) and, furthermore, any interest she may have in the properties is inferior to the United States' interest, which vested immediately upon commission of the underlying criminal acts under the relation-back doctrine.

The court agrees with the government that Finan's *quantum meruit*-type claim suffers from the same defects as her marital-interest claim. The court finds that Finan has failed to comply with the pleading requirements set forth in 21 U.S.C. § 853(n)(3) because she omits any details regarding the nature and extent of her interest or the time and circumstances of her acquisition of the interest. Moreover, given the scarcity of detail, the court cannot determine whether she has a legal interest in the property as required under 21 U.S.C. § 853(n)(2).[6] Thus, the court shall dismiss Finan's *quantum meruit*-

---

6. The court is doubtful that Finan has standing to contest the forfeiture on the basis of a *quantum meruit*-type interest. To the extent that Finan is alleging the existence of an implied contract and that Defendant breached the implied contract, her remedy would be to sue and become an unsecured creditor of Defendant, which would not establish a legal interest in any of the specific properties subject to forfeiture. *See White*, 675 F.3d at 1080. To the extent that Finan is alleging some kind of equitable right to the properties, such an equitable right is not a "legal interest," as that phrase is used in 21 U.S.C. § 853(n)(2). *See Timley*, 507 F.3d at 1129 ("[T]he term 'legal interest' encompasses only legally protected rights, not equitable rights."). Because the court is unclear as to the exact nature of her claim, however, the court cannot conclusively determine whether she has standing. Accordingly, the court finds that the proper basis for dismissal is failure to comply with the pleading requirements set forth in 21 U.S.C. § 853(n)(3).

type claim for failure to comply with the pleading requirements. *See* Fed. R.Crim.P. 32.2(c)(1)(A);. *Glenn*, 2012 WL 3775965, at *1–2. Even if Finan sufficiently pleaded this claim and she had standing, the court would nevertheless find that the claim fails on the merits under the relation-back doctrine previously discussed. Accordingly, the court shall grant the government's Motion to Dismiss Finan's Amended Petition insofar as it requests that the court dismiss Finan's *quantum meruit*-type claim.

### c. Gifted jewelry

■ Third, Finan claims an interest in certain jewelry items, as listed in her Amended Petition, because such items "were gifts" she received from Defendant. Finan's Amended Petition at 2–3 (listing specific properties). Finan states that she "is unable to state under oath the exact time and specific circumstances of receipt of said jewelry." *Id.* at 3. In its Motion to Dismiss Finan's Amended Petition, the government contends that Finan has failed to plead this claim with the particularity required under 21 U.S.C. § 853(n)(3) and, even if she sufficiently pleaded the claim, it fails on the merits because it satisfies neither prong of 21 U.S.C. § 853(n)(6)—that is, she does not allege facts demonstrating that she has priority of ownership or that she is a bona fide purchaser for value.

The court agrees with the government that Finan has failed to satisfy the pleading requirements set forth in 21 U.S.C. § 853(n)(3) because she states neither the time nor circumstances of her acquisition of the property. Accordingly, the court shall dismiss Finan's claim on this basis. *See* Fed.R.Crim.P. 32.2(c)(1)(A); *Glenn*, 2012 WL 3775965, at *1–2. Even if the court were to reach the merits of this claim, however, the court would find that it fails for the same reasons the court stated in regards to Sigillito's Amended Petition. Finan cannot demonstrate that she has priority of ownership under 21 U.S.C. § 853(n)(6)(A) because the court has previously found that the properties that Finan identifies as gifts constitute proceeds of Defendant's criminal acts. Under the relation-back doctrine, the United States' interest in those properties vested immediately upon commission of the criminal offenses. *See, e.g., Timley*, 507 F.3d at 1130 (explaining that "a third party can never have a successful claim under § 853(n)(6)(A) if the property was the proceeds of an offense" due to the relation-back doctrine). Furthermore, Finan does not qualify as a bona fide purchaser for value under the plain language of 21 U.S.C. § 853(n)(6)(B), because she does not allege that she purchased the properties. *See Kennedy*, 201 F.3d at 1335 (noting that a claim to gifted property is not viable under § 853(n)(6)(B)). Therefore, even if Finan had sufficiently pleaded this claim, it would fail on the merits because Finan fails to state facts sufficient to justify relief under either prong of 21 U.S.C. § 853(n)(6). *See, e.g., White*, 675 F.3d at 1081 ("[The petitioner] cannot prevail in the forfeiture proceeding unless she qualifies for relief under one of the two prongs of § 853(n)(6).").

Accordingly, the court shall grant the government's Motion to Dismiss Finan's Amended Petition insofar as it requests that the court dismiss this claim.

### d. Checking account

■ Fourth, Finan claims an interest in Item Number 518, which is $17,051.78 in United States currency seized from a St. Louis Bank checking account. Finan alleges that "this account was opened and funded entirely with the earnings of [Finan] from her employment with the United States District Court, for the purposes of establishing a college fund for her children." Finan's Amended Petition at 3–4. Finan states that she "cannot, under oath,

affirm when said funds were contributed"; rather, she alleges only that, "when the account was opened, all funds were from her independent earnings, and any deposits she made to the account were derived from her independent earnings." *Id.* at 4.

In its Motion to Dismiss Finan's Amended Petition, the government contends that the court should dismiss this claim on the ground that Finan has failed to satisfy the pleading requirements set forth in 21 U.S.C. § 853(n)(3). The government argues that Finan "should be required to state (1) the extent of [her] deposits to the Account; (2) the immediate source account or payment from which any deposit was made; and (3) the time and circumstances of any such deposits." Memorandum in Support of Motion to Dismiss Finan's Amended Petition at 8. The government contends that Finan's "failure to provide such information, even after receiving an extension of time to file her Petition from the [government] and the opportunity to file an Amended Petition from th[e] [c]ourt, merits dismissal of the [claim]." *Id.* at 9.

The court agrees with the government that Finan's bare allegation that she deposited money into the St. Louis Bank checking account is insufficient under 21 U.S.C. § 853(n)(3).[7] It is unclear from Finan's Amended Petition whether she alleges that the full $17,051.78 was from her independent earnings or whether it was commingled with deposits from Defendant. *See* 21 U.S.C. § 853(n)(3) (requiring a petitioner to allege the extent of his or her right, title or interest, as well as the relief sought). Furthermore, Finan fails to identify the approximate dates that she deposited money into the account. *See id.* (requiring a petitioner to allege the time and circumstances of his or her acquisition of the right, title or interest). Accordingly,

the court shall grant the government's Motion to Dismiss Finan's Amended Petition insofar as it requests that the court dismiss this claim. *See* Fed.R.Crim.P. 32.2(c)(1)(A); *Glenn,* 2012 WL 3775965, at *1–2.

#### e. General creditor

■■■■ Fifth, Finan alleges "an interest in any forfeited property proceeds as a lender [to] Defendant Derek Smith, as evidenced by loan agreements and letters from the Federal Bureau of Investigation regarding 'victim's' rights." Finan's Amended Petition at 4. In its Motion to Dismiss Finan's Amended Petition, the government contends that this claim fails to satisfy the pleading requirements set forth in 21 U.S.C. § 853(n)(3). Moreover, the government contends that Finan's claim is nothing more than the claim of a general creditor and, under Eighth Circuit law, general creditors do not have standing to contest forfeiture of specific properties.

For the reasons stated in the government's Memorandum in Support of the Motion to Dismiss Finan's Amended Petition, the court finds that Finan has failed to comply with the pleading requirements. *See* Memorandum in Support of Motion to Dismiss Finan's Amended Petition at 7, 8–9. Accordingly, the court shall dismiss this claim on that basis. *See* Fed. R.Crim.P. 32.2(c)(1)(A); *Glenn,* 2012 WL 3775965, at *1–2. Even if Finan complied with the pleading requirements, the court agrees with the government that Finan's claim is, in essence, the claim of a general creditor. Finan does not allege that she has a security interest in any specific property and "a general creditor does not have standing to claim an interest in a particular forfeited asset." *White,* 675 F.3d at 1080; *see also Salti,* 579 F.3d at 669–70

---

7. The court notes that, in its February 5, 2013 Order, it directed Finan to provide the court with any receipts or paperwork substantiating her claims. Finan failed to do so and offers no explanation as to why bank records are not available.

(finding that a general creditor does not have standing). Thus, even if Finan had sufficiently pleaded this claim, she lacks standing as a general creditor. Finally, even if the court were to reach the merits of Finan's general-creditor claim, the court would find that Finan is not entitled to relief under either prong of 21 U.S.C. § 853(n)(6). Finan does not have priority of ownership due to the relation-back doctrine and she is not a bona fide purchaser for value. Thus, the court shall grant the government's Motion to Dismiss Finan's Amended Petition insofar as it requests the court dismiss this claim.

### f. Constitutional arguments

Finally, Finan argues that forfeiture of the properties constitutes an excessive fine and violates her right to be free from cruel and unusual punishment. Finan further contends that forfeiture of the properties violates her Fifth Amendment due process rights. The court rejects Finan's constitutional arguments for the same reasons it rejected Sigillito's identical arguments.

### g. Summary

Because it is clear that Finan cannot prevail on any of her claims, the court shall grant the government's Motion to Dismiss Finan's Amended Petition.

## VI. CONCLUSION

In light of the foregoing, the court **ORDERS** that:

(1) The government's "Motion to Dismiss Amended Verified Petition of Bridget F. Sigillito" (docket no. 411) is **GRANTED.** Bridget F. Sigillito's "Amended Verified Petition ... for Relief from Court's Order of Forfeiture" (docket no. 409) is **HEREBY DISMISSED.**

(2) The government's "Motion to Dismiss Amended Verified Petition of Margaret A. Finan" (docket no. 413) is **GRANTED.** Margaret A. Finan's "Amended Verified Petition ... for

Relief from Court's Order of Forfeiture" (docket no. 410) is **HEREBY DISMISSED.**