**UNITED STATES of America,**
**Plaintiff,**

v.

**Randy CARUTHERS, et al., Defendant.**

**Case No. 1:11CR00115 SNLJ.**

United States District Court,
E.D. Missouri,
Southeastern Division.

Aug. 23, 2013.

Paul W. Hahn, Office of U.S. Attorney, Cape Girardeau, MO, for Plaintiff.

## *ORDER*

STEPHEN N. LIMBAUGH, JR., District Judge.

This case is before the Court on Petitioner Reggie Matthews' Third Party Petition for Return of Property, # 175, and the government's Motion to Dismiss, # 189. Petitioner, who was not a defendant in the underlying criminal case, seeks return of $412,900.00 in United States currency that was seized in connection with the investigation of the case from the trunk of a vehicle he was driving. The seizure of the currency was conducted by Osceola, Arkansas, police on June 2, 2011, and four days later, at the behest of the county prosecutor, a state circuit judge issued an order transferring the currency to the FBI. The four defendants in the case plead guilty, and as part of their plea agreements, they forfeited any interest they may have had in the currency. On December 3, 2012, this Court entered a preliminary order of forfeiture in favor of the United States, # 158, based on the defendants' admissions that the currency constituted proceeds of the offenses charged. In the meantime, on motion by petitioner Matthews, the state circuit judge who issued the order transferring the currency to the FBI, set aside that order because of procedural errors, though the currency remains in the custody of the federal government.

Petitioner's argument is that, "Because a state court has found the original transfer invalid, the federal government is without jurisdiction over the funds as the state court maintains primary jurisdiction." He adds that "... the State court's jurisdiction over the seized currency is *in rem.* This is opposed to the federal criminal forfeiture proceeding in the underlying criminal case which is *in personam.*" He then concludes that, "Because the state court has vacated its transfer order, the federal government must return the seized currency to the Arkansas state authorities pending the resolution of [the Arkansas case]. Failure to return this money would result in the violation of petitioner's rights to due process under both Arkansas and federal law." As an alternative ground, petitioner claims that he has standing to contest the forfeiture of the currency because he possessed the property at the time of its seizure and that under Arkansas law, possession carries with it a presumption of ownership. These arguments fail altogether.

■ At the outset, and to state the obvious, petitioner should be hard-pressed to claim standing to assert any possessory interest on behalf of the state of Arkansas. But more to the point, the issue of the

propriety of any state transfer order of the currency is irrelevant to this federal criminal proceeding, which is limited to determining petitioner's interest in the property in relation to that of the government. As petitioner concedes, this criminal forfeiture proceeding is not *in rem,* but *in personam,* and is a proceeding against the defendant himself. *See United States v. Bajakajian,* 524 U.S. 321, 332, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998) ("[Criminal forfeiture] descends not from historic *in rem* forfeitures of guilty property, but from a different historical tradition: that of *in personam,* criminal forfeitures."); *cf. United States v. Totaro,* 345 F.3d 989, 997 (8th Cir.2003) (noting *in personam* nature of RICO forfeitures). Third parties are given a limited statutory right to petition for an ancillary proceeding, which likewise proceeds *in personam,* where they may assert their own claims to the property to be forfeited. *See* 21 U.S.C. § 853(n)(2) (noting purpose of ancillary proceeding to "adjudicate the validity of [petitioner's] alleged interest in the property"). The Court does not assume *in rem* jurisdiction over any property in a criminal forfeiture case. *See Totaro,* 345 F.3d at 997.

Accordingly, even if the state of Arkansas could validly assume *in rem* jurisdiction over property that has since left its jurisdiction, the existence of that *in rem* jurisdiction would not defeat the jurisdiction of this Court over the parties to this *in personam* action to adjudicate the petitioner's interest in the property. As the government correctly observes, "What if any impact any future actions of the Arkansas court will have upon the United States' ability to execute any order of forfeiture issued by this Court is a separate question that Petitioner must wait to litigate in a proper forum." In addition, to the extent that petitioner complains that he is losing his due process rights to claim the property, suffice it to say that he is fully able to exercise those rights in the proceeding at hand.

■ As for petitioner's claimed standing to challenge the forfeiture of the currency, his allegations do not comply with 21 U.S.C. sec. 853(n)(3), which requires, *inter alia,* that petitioner "set forth the nature and extent of the petitioner's right, title, or interest in the property." The only basis petitioner asserts for his entitlement to the property is that he possessed it at the time of its seizure. Although mere proof of possession may give rise to a presumption of ownership under applicable state law, as is the case in Arkansas, a claimant must also offer a plausible explanation for that possession. *See, e.g., United States v. $746,198,* 299 F.Supp.2d 923, 928–29 (S.D.Iowa 2004). Indeed, to maintain standing, petitioner must establish that he has an ownership or possessory interest in the property and that his interest is legal, as opposed to equitable. *United States v. Sigillito,* 938 F.Supp.2d 877, 884–85 (E.D.Mo.2013). Again, mere possession is insufficient to confer standing; the rule is possession with an explanation. Thus, in the absence of any explanation for his possession of the property, petitioner here has no standing to make his claim.

For the foregoing reasons, the government's motion to dismiss petitioner's Third Party Petition for Return of Property, # 189 is **GRANTED,** and the Third Party Petition, # 175 is **DISMISSED.**