# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3650

_____

United States of America

*Plaintiff - Appellee*

Reggie Matthews

*Third Party - Appellant*

v.

Randy Earl Caruthers; Montreal Lavar Smith; Ulysses Redd, Jr.; James Earl
Hubbard, Jr.

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: August 22, 2014
Filed: August 27, 2014

_____

Before BENTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Reggie A. Matthews—not a defendant in the underlying federal criminal case—seeks a hearing to determine his interest in $412,900.00 seized from the trunk of a car he was driving. The district court[1] dismissed his petition for lack of standing under 21 U.S.C. § 853(n)(3). *United States v. Caruthers*, 967 F. Supp. 2d 1286 (E.D. Mo. 2013). Matthews appeals, arguing that the district court did not have jurisdiction of the petition and that he has standing. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

I.

An Arkansas state court issued an order transferring the money to the federal government. Although the state court later set aside its order, the federal government has custody of the money.

Matthews challenges the district court's jurisdiction, asserting that the Arkansas state court has "primary jurisdiction" over the money. He argues, "It is well-settled law that only one court may have jurisdiction over the *res* in an *in rem* proceeding. Thus, the first court to obtain *in rem* jurisdiction maintains it to the exclusion of all others whether that court be state or federal."

Matthews cites only *in rem* and civil forfeiture cases. This is a forfeiture ancillary to a criminal case, so a federal court's jurisdiction is *in personam*. *United States v. Bajakajian*, 524 U.S. 321, 332 (1998) ("[Criminal forfeiture] descends not from historic *in rem* forfeitures of guilty property, but from a different historical tradition: that of *in personam*, criminal forfeitures."). Matthews filed a petition in federal court, subjecting himself to its *in personam* jurisdiction. *See United States v. Timley*, 443 F.3d 615, 628 (8th Cir. 2006) (finding that after a state court transfers

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

money that becomes subject to an *in personam* criminal case, a federal court may adjudicate the forfeiture.)

Matthews emphasizes that the Arkansas court set aside its order and that the state litigation is still pending. This has no effect on the federal criminal forfeiture. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (citations omitted). A federal criminal forfeiture determines a petitioner's interest in property relative to the federal government and other petitioners. *See United States v. White*, 675 F.3d 1073, 1077-78 (8th Cir. 2012) (explaining that under § 853(n), a petitioner attempts to establish an interest in the forfeited property compared to the interests of the government and other petitioners). The district court had jurisdiction of Matthews's petition.

## II.

This court reviews de novo the dismissal of a forfeiture petition, assuming its facts are true. *White*, 675 F.3d at 1077, *citing Central Platte Natural Res. Dist. v. U.S. Dept. of Agric.*, 643 F.3d 1142, 1148 (8th Cir. 2011). A petitioner must meet the pleading requirements in § 853(n)(3):

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

The petitioner must state an interest that is legal, as opposed to equitable. *United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007). Without the

information required by § 853(n)(3), courts cannot assess whether a petitioner asserts a "legal interest" in forfeited property. *See* *id.* at 1130 n.2.

Matthews's petition states that his interest in the money is based on "his possession of the property at the time of its seizure." Aside from this statement—and despite notice of the pleading requirements—Matthews does not explain the "nature and extent" or "circumstances" of his possession, as required by § 853(n)(3). His petition is statutorily insufficient and does not state a legal interest. *See* ***United States v. Soreide***, 461 F.3d 1351, 1355 (11th Cir. 2006) ("The petition must state the basis for the third party's claim to any interest in the subject property."). *Cf.* ***Mercado v. U.S. Customs Serv.***, 873 F.2d 641, 645 (2d Cir. 1989) ("[A] naked claim of possession . . . is not enough. There must be some indication that the claimant is in fact a possessor . . . some indicia of reliability or substance to reduce the likelihood of a false or frivolous claim."); ***United States v. $321,470.00 in U.S. Currency***, 874 F.2d 298, 304 (5th Cir. 1989) ("[A] courier carrying cash from an unknown owner to an unknown recipient, resolute in his determination to give no explanation except that he was asked to transport cash, the ideal mule for drug traffickers, must be prepared to demonstrate that he has a lawful possessory interest. Unexplained naked possession of a cash hoard . . . does not rise to the level of possessory interest requisite for standing to attack the forfeiture proceeding."). The district court properly ruled that Matthews did not meet the statutory requirements.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____